

# Notice of Service of Process

null / ALL
Transmittal Number: 20318619
Date Processed: 08/29/2019

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Company of America |
| **Title of Action:** | Patrick Taylor vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County Court at Law, TX |
| **Case/Reference No:** | 1139669 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/29/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Brenton M. Stanfield<br>832-721-2716 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A



# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1139669**
Receipt Number: CL-2019-315638   Date: 08/26/2019   Certified Mail Fee: $80.00
Tracking Number: 7010-1870-0000-2785-9333

PATRICK TAYLOR, ET AL
**Plaintiff**
VS.
SAFECO INSURANCE COMPANY OF AMERICA,
ET AL
**Defendant**

In The County Civil Court at Law No. 1
201 Caroline, No. 500
Houston, TX 77002

## THE STATE OF TEXAS
### ORIGINAL PETITION ADMISSIONS, DISCLOSURE CITATION
### BY CERTIFIED MAIL THROUGH THE COUNTY CLERK, RRR

To:   SAFECO INSURANCE COMPANY OF AMERICA
      C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET, SUITE 620
      AUSTIN, TX 78701

**By Certified Mail, Return Receipt Requested**

Attached is a copy of petition.
This instrument was filed on the **19th day of August, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 27th day of August, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 1
201 Caroline, Suite 300
Harris County, Texas

_Jesse Salas_
Deputy County Clerk

Requested By:   BRENTON STANFIELD
                ONE ALLEN CENTER
                500 DALLAS ST SUITE 3030
                HOUSTON TX 77002-4705

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01223 (Rev. 08/29/2016)   WWW.CCLERK.HCTX.NET   Page 1 of 1

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock __.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|------|------|------|------|
|  | Month | Day | Year | Hour / Min. - AM/PM |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant, being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant, being: _____

_____

_____(Sheriff)

(Authorized Person)                                                                                              (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

                                                                By _____, Deputy

(Notary Public)

_____

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,
a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____
_____, at _____ o'clock A.M./P.M., and executed by delivering
to defendant, _____, in person, at _____
in _____, County _____, State of _____
_____, on_____, at _____ o'clock
A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

_____
Sworn to and subscribed before me,

_____.

_____(Sheriff)
                                                                                              (Constable)
                                                       _____, County,

State of _____

                                                                By _____ Deputy

Form No. H-01-028 (Rev. 08/01/2011)

1139669
8/19/2019 12:05 PM
Diane Trautman
County Clerk
Harris County
Harris County - County Civil Court at Law No. 1

NO. _____  **JURY FEE PAID**

| | | |
|---|---|---|
| PATRICK TAYLOR and SUNDAY TAYLOR | § § § | IN THE COUNTY COURT AT LAW |
| *Plaintiff,* | § § | |
| v. | § § | NO. _____ |
| SAFECO INSURANCE COMPANY OF AMERICA, AMERICAN STATES INSURANCE COMPANY of TEXAS, and LIBERTY COUNTY MUTUAL INSURANCE COMPANY | § § § § § § § | |
| *Defendant.* | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND ADMISSIONS

NOW COMES Patrick and Sunday Taylor ("Plaintiffs") and file this Original Petition against Defendants Safeco Insurance Company of America, American States Insurance Company, and Liberty County Mutual Insurance Company (collectively "Safeco") and, in support thereof, show as follows:

### A.

### DISCOVERY CONTROL PLAN

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend for discovery to be conducted under Level 2 of this Rule (190.2).

### B.

### PARTIES

Plaintiffs Patrick and Sunday Taylor are individuals residing in Harris County, Texas, who may be served by notice to their attorney Brenton Stanfield, Stanfield & Dupre PLLC, 1095 Evergreen Circle. Suite 200, The Woodlands, Texas, 77380.

Defendant Safeco Insurance Company of America is an insurance company registered to do business in Texas, and may be served by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

Defendant American States Insurance Company of Texas is an insurance company registered to do business in Texas, and may be served by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

Defendant Liberty County Mutual Insurance Company is an insurance company registered to do business in Texas, and may be served by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

### B.

### JURISDICTION & VENUE

This Court has jurisdiction over this matter because the amount in controversy exceeds the jurisdictional minimum limits of this Court. Venue is proper in this Court under Section 15.002 of the Texas Civil Practice & Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### C.

### FACTUAL ALLEGATIONS

Plaintiffs own a 2010 Jeep Wrangler Unlimited, VIN 1J4HA3H15AL224924 ("Jeep"). Plaintiffs insured the Jeep through Safeco. On August 24, 2017, Hurricane Harvey made landfall in Texas. From August 24-August 29, it dumped historic amounts of rainfall on the greater Houston area. During this historic rainfall, the Jeep was parked outside. Multiple days of heavy rainfall caused rainwater to penetrate the vehicle and damage the interior of the Jeep. The Jeep was not flooded. All water penetration was caused by fresh rainwater.

Plaintiffs reported the damage to Safeco and made a claim. On or about September 8, 2017, Plaintiffs received a letter from Safeco that claims that the Jeep is a "total loss" with a

value of approximately $19,000.00. Safeco's determination was based on the flawed determination that the damage had been caused by floodwater. In addition, the letter incorrectly identified the date of loss as August 19, 2017 – 5 days before Hurricane Harvey made landfall. Fearing a mistake, Plaintiffs contacted the claims adjuster to make sure it was clear that the damages to their Jeep were from rainwater, not flooding.

The adjuster, Ronald Fernandes agreed. On September 19, 2017, Fernandes modified his report to remove the assessment that the Jeep was a total loss due to flooding and identified approximately $2500 in repairs due to the rainwater penetration. Plaintiffs obtained repairs at AutoNation Jeep at a cost of $2,727.80. Plaintiffs paid a $1,000 deductible and Safeco paid the remaining $1,727.80. Plaintiffs considered the matter closed.

However, in December 2018, Plaintiffs took the Jeep to the dealership intending to trade it in and purchase a new vehicle. The dealership ran a Carfax report to assess the trade-in value and discovered that the Jeep had been reported as a "total loss" as of August 19, 2017. The dealership indicated that the trade-in value of the Jeep was de minimis. Plaintiffs were understandably dismayed.

Plaintiffs contacted Safeco to try to clear up the discrepancy. In January 2019, the Plaintiffs corresponded with Goosehead Insurance, their insurance agent, who confirmed that Safeco totaled out the Jeep and reported that the damage had been caused by flood water. Plaintiffs sent a demand letter to Safeco, through Goosehead, demanding compensation for the loss in value to the Jeep attributable to the false report that the Jeep was damaged by flood water.

Plaintiffs have been damaged approximately $19,000.00 as a result of Safeco's false report of flood damage.

**D.**

## COUNT 1 - BREACH OF INSURANCE CONTRACT

Plaintiffs entered into a valid contract to purchased insurance from one or more of the Safeco defendants.[1] Plaintiffs performed under the contract by paying their premiums to Safeco. Plaintiffs suffered a loss while covered by Safeco when fresh water penetrated her vehicle causing damage. Safeco has breached its contract by failing and refusing to cover the loss as agreed. Plaintiffs have suffered damages of approximately $19,000.00.

**E.**

## COUNT 2 – UNFAIR CLAIMS SETTLEMENT VIOLATON OF TEXAS INSURANCE CODE SECTION 541.001, et seq.

Pursuant to Texas Insurance Code § 541.060, it is an unfair or deceptive act to engage in unfair settlement practices. Specifically, the following acts constitute unfair settlement practices:

(a) misrepresenting to a claimant a material fact relating to coverage at issue;

(b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

Safeco misrepresented to Plaintiffs that they had removed the total loss determination and only compensated Plaintiffs to repair the Jeep. Once Plaintiffs discovered that Safeco had not removed the total loss determination, they informed Safeco. Safeco failed to attempt in good faith a prompt, fair, and equitable settlement of the claim even after Plaintiffs made it aware of its liability. On knowledge and belief, Safeco knowingly reported the Jeep as totaled in order to inflate its own loss numbers resulting from Hurricane Harvey but failed to compensate Plaintiffs. As a result of Safeco's violations of the Texas Insurance Code, Plaintiffs have suffered damages of approximately $19,000.

---

[1] Each of the Safeco defendants is listed on the various documentation provided to Plaintiffs. On knowledge and belief, the Safeco defendants are affiliated entities.

Safeco's conduct was done knowingly and intentionally, and Plaintiffs are entitled to treble damages and mental anguish damages.

### F.

### COUNT 3 – FRAUD

Safeco represented to Plaintiffs that their Jeep had not been totaled. Safeco knew that it had reported the Jeep as a total loss. Safeco intended to induce Plaintiffs into accepting a smaller settlement by paying them to fix the Jeep. Plaintiffs actually and justifiably relied on Safeco's representations by accepting the smaller settlement and suffered damages of approximately $19,000.

### G.

### ATTORNEY FEES

As a result of the Safeco's breach of contract, Plaintiffs have incurred reasonable and necessary attorney fees and is entitled to recover the same pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

In addition, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code § 541.152 as a result of Safeco's unfair claims settlement practices. Plaintiffs are therefore entitled to recover reasonable and necessary attorney's fees which will be proven at the time of trial.

### H.

### CONDITIONS PRECEDENT

Plaintiffs have satisfied all conditions precedent to bringing suit in this case.

### I.

### JURY DEMAND

Plaintiffs request a trial by jury on all issues and tenders the requisite jury fee.

J.

**REQUEST FOR DISCLOSURE & ADMISSIONS**

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Safeco disclose, within fifty (50) days after service of this petition and request, the information and/or material described in Texas Rule of Civil Procedure 194.2.

K.

**PRAYER**

Plaintiffs requests that the Safeco defendants be cited to appear and answer and that the Court render a judgment against the Safeco defendants, and that Plaintiffs be granted relief from the Safeco defendants for all of Plaintiffs' damages, including but not limited to:

1. actual damages in the amount of $19,000;
2. treble and exemplary damages;
3. reasonable and necessary attorneys' fees and costs of court, pre- and post-judgment interest; and
4. all such other and further relief, general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled through the course of these proceedings.

Respectfully submitted,

**STANFIELD & DUPRE, PLLC**

By: /s/ Brenton M. Stanfield
Brenton M. Stanfield
State Bar Number 24054593
1095 Evergreen Circle
Suite 200-408
The Woodlands, TX 77380
Telephone: (832) 721-2716
E-mail: brent@stanfieldfirm.com

**Attorneys for Sunday Taylor**



**DIANE TRAUTMAN**
COUNTY CLERK, HARRIS COUNTY
POST OFFICE BOX 1525
HOUSTON, TEXAS 77251-1525



CERTIFIED MAIL™

7010 1870 0000 2785 9333

TO: RETURN POSTAGE GUARANTEED

COPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701

BY CERTIFIED MAIL, RETURN RECEIPT
REQUESTED
BY DELIVEREE TO ADDRESSEE ONLY